Robinson, J.
The sole question here for consideration is whether a party may prosecute error to a judgment in favor of one of several joint obligors without making the other joint obligors parties to such proceeding. Section 11256, General Code, provides: “Parties who are united in interest must be joined, as plaintiffs or defendants. If the consent of one /who should be joined as plaintiff can not be obtained, or, he is insane, and the consent of his guardian is not obtainable, or he has no guardian, and that fact is stated in the petition, he may be made a defendant.”
That this action could not have been maintained in the trial court against one of the three joint obligors without waiver on the part of such defendant, express or implied, seems to be obvious, and indeed it is not otherwise claimed by the plaintiff in error. But it is contended that since the motion for a new trial was sustained as to two of the joint obligors, and no judgment was rendered in their favor, the plaintiff in error was at liberty to dismiss the action as to them, and that they were, therefore, no longer parties united in interest.
*476 We are unable to follow the logic of counsel in this regard. Assuming for the purpose of argument that the cause ought to be reversed upon its merits, if it were the purpose of the plaintiff in error to rejoin all parties, either by having them made parties to this action upon a retrial, or by dismissing as to all and filing a new action, then the two joint obligors not here parties were pecuniarily interested in holding the defendant in error as a contributor to any judgment which might be obtained and collected against them, upon her obligation joint with theirs; or, if it were the purpose of the plaintiff in error to try the cause against the defendant in error alone, she, for the purpose of having her co-obligors contribute in the payment of the judgment which, might be rendered against her, would be pecuniarily interested in. having them made parties defendant, and upon failure of plaintiff in error to make them parties would be entitled to have the cause dismissed for defect of parties.
' We see no good reason why these three makers of the guaranty were any' less united in interest in the court of appeals than they were in the trial court, nor are we able to see how the fact that the trial court rendered a judgment in favor of one of them and not in favor of the others severed that joint interest, since that judgment was the very action the proceeding in error sought to have reversed. Much less are we able to see how the voluntary dismissal by the plaintiff in error of two of the joint obligors could operate to sever their joint interest and thereby without the consent of *477 the defendant in error deprive her of the contingent right to require contribution. The record discloses that she availed herself of the defect of parties defendant at the first opportunity after the de'fect occurred.
We are of opinion that Section 11256, General Code, contemplates that all parties united in interest must be joined as plaintiffs or defendants in all stages of a litigation, unless waived by the ' party injured by such failure to unite. .

Judgment affirmed.

Nichols, C. J., Jones and Matthias, JJ., concur.
Merrell, J., not participating.